2581-0143/kag

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

SHERYL ORLIK, individually and on behalf of JARED ORLIK, minor child,

                              Plaintiffs,

-against-

DUTCHESS COUNTY, STATE OF NEW YORK, ROBERT B. ALLERS, in his capacity as Commissioner of Social Services, ASHLEY TILTON, individually and as Caseworker, ANN WOOLSEY, individually and as Supervisor, NETTER E. THOMAS, individually and as Caseworker, DAVID GARCIA, individually and as a Supervisor, IRENE MAGALSKI, individually and as Deputy Commissioner, all of the DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, and the DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES,

                              Defendants.

------------------------------------------------------------------------x

**ANSWER**

08 CIV 1213 (WCC)

     The defendants, by their attorneys, McCabe & Mack, LLP, as and for their answer to the complaint of the plaintiffs respectfully show to the Court and allege as follows:

### INTRODUCTION

    1.    Deny those allegations contained in paragraphs numbered "1" and "2" of the complaint.

### JURISDICTION AND VENUE

    2.    With regard to paragraphs numbered "3" and "4" of the complaint, neither admit nor deny as state conclusions of law.

### PARTIES

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "5" and "6" of the complaint.

2581-0143/kag

4. With regard to paragraphs numbered "9" and "10" of the complaint, neither admit nor deny as state conclusions of law.

5. Admit only that Allers is the Commissioner of the Department of Social Services. Neither admit nor deny remaining paragraph as state conclusions of law.

6. Deny those allegations contained in paragraphs numbered "12", "13", "14", "15" and "16" of the complaint.

## FACTS

7. With regard to paragraph "17", admit but note additional information was provided in the report.

8. Deny those allegations contained in paragraphs numbered "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "37", "38", "39", "40", "41", "52", "45", "46", "49", "50", "51" and "52" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "36" and "44" of the complaint.

10. With regard to paragraphs numbered "43" of the complaint, neither admit nor deny and refer the Court to the Family Court proceeding.

11. With regard to paragraphs numbered "47" and "48" of the complaint, neither admit nor deny and refer to the administrative proceeding.

## COUNT ONE
**(Substantive due process-wrongful removal)**

12. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "52" and incorporated by reference in paragraph "53" of the complaint as if the same were more fully set forth herein at length.

13. Deny those allegations contained in paragraphs numbered "54", "55", "56" and

2581-0143/kag

"57" of the complaint.

## COUNT TWO
### (Procedural Due Process)

14. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "57" and incorporated by reference in paragraph "58" of the complaint as if the same were more fully set forth herein at length.

15. Deny those allegations contained in paragraphs numbered "59", "60" and "61" of the complaint.

## COUNT THREE
### (Substantive due process wrongful custody of child)

16. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "61" and incorporated by reference in paragraph "62" of the complaint as if the same were more fully set forth herein at length.

17. Deny those allegations contained in paragraphs numbered "63", "64" and "65" of the complaint.

## COUNT FOUR
### (Substantive due process malicious prosecution)

18. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "65" and incorporated by reference in paragraph "66" of the complaint as if the same were more fully set forth herein at length.

19. Deny those allegations contained in paragraphs numbered "67", "68" and "69" of the complaint.

## COUNT FIVE
### (Fourth Amendment)

20. Repeat, reiterate and reallege each and every denial to each and every allegation contained in paragraphs numbered "1" through "69" and incorporated by reference

2581-0143/kag

in paragraph "70" of the complaint as if the same were more fully set forth herein at length.

21.     Deny those allegations contained in paragraphs numbered "71", "72" and "73" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22.     All individual defendants are entitled to absolute immunity.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23.     All individual defendants acted in good faith and are entitled to qualified immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24.     All actions of defendants with regard to placement of the child in foster care were done with either Sheryl Orlik's consent, upon court order or both.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25.     Defendants followed established procedures in the New York Family Court Act, Article 6, which provided plaintiff's with adequate procedural due process under the 14th Amendment of the U.S. Constitution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26.     The removal of Jared Orlik to foster care was pursuant to lawful court order and was thus privileged from suit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27.     The complaint fails to state a claim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28.     Punitive damages are not recoverable against a municipality.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

29.     Defendant Allers had no personal involvement in the matters set forth in the

2581-0143/kag

complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. The Court lacks personal jurisdiction over the individual defendants due to an insufficiency in service of process.

WHEREFORE, the defendants demand judgment dismissing the complaint of the plaintiff herein, plus the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper.

DATED: Poughkeepsie, New York
April 28, 2008

                              Yours, etc.

                              McCABE & MACK LLP

                              By: _____
                                  David L. Posner
                              *Attorneys for Defendants*
                              63 Washington Street
                              P.O. Box 509
                              Poughkeepsie, NY  12602-0509
                              Tel:  (845) 486-6800

TO:    DANIEL LAWRENCE PAGANO, ESQ.
        *Attorneys for Plaintiff*
        2649 Strang Blvd., Suite 104
        Yorktown Heights, NY 10598